## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**BRENDA FRYE, WIDOW OF
HARRY G. FRYE (DECEASED),**
Claimant Below, Petitioner

**FILED**

September 10, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 11-1603** (BOR Appeal No. 2045987)
                              (Claim No. 990027505)

**WEST VIRGINIA OFFICE OF
INSURANCE COMMISSIONER**
Commissioner Below, Respondent

**and**

**CANNELTON INDUSTRIES, INC.,**
Employer Below, Respondent

## MEMORANDUM DECISION

Petitioner Brenda Frye, widow of Harry G. Frye (deceased), by G. Patrick Jacobs, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Brandolyn N. Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 7, 2011, in which the Board affirmed an April 18, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's October 19, 2009, Order denying dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Frye retired from Cannelton Industries. On December 12, 1998, the Occupational Pneumoconiosis Board, in Mr. Frye's living claim, found no more than 5% pulmonary functional impairment due to occupational pneumoconiosis. Mr. Frye died March 4, 2008. Mr. Frye's death certificate, signed by Dr. Justin Cohen on March 12, 2008, listed the cause of death as squamous cell carcinoma of the lung with other significant conditions being anorexia, anemia of chronic disease and COPD. Ms. Frye filed an application for dependent's benefits on February 9, 2010. On October 19, 2009, the claims administrator denied dependent's benefits because occupational pneumoconiosis did not cause nor materially contribute to Mr. Frye's death. Ms. Frye appealed and argues that the Occupational Pneumoconiosis Board ignored her testimony and the findings of anthracosis and siderosis in the lung autopsy. The West Virginia Office of Insurance Commissioner argues that the evidence of record does not establish that the findings of the Occupational Pneumoconiosis Board were clearly wrong, and that Ms. Frye did not meet the burden of proof to establish that occupational pneumoconiosis did cause or materially contribute to Mr. Frye's death.

The Office of Judges found that occupational pneumoconiosis did not cause nor materially contribute to Mr. Frye's death. On February 9, 2010, Ms. Frye testified that she believed occupational pneumoconiosis was a material factor in her husband's death. However, she also indicated that her husband had been a smoker for at least twenty years of their forty-seven year marriage and that he had smoked a pack a day when he was younger. The autopsy revealed that Mr. Frye had squamous cell carcinoma, metastasis, acute pneumonia, fibrinous adhesions, anthracosis, siderosis, and chronic obstructive pulmonary disease with chronic bronchitis and pulmonary emphysema.

On August 25, 2009, the Occupational Pneumoconiosis Board concluded that occupational pneumoconiosis was not a material contributing factor in Mr. Frye's death. The Occupational Pneumoconiosis Board noted that Mr. Frye's x-rays from December 22, 1998, May 16, 1995, and December 16, 1981, all showed only a minimal degree of nodular fibrosis consistent with occupational pneumoconiosis. In his report of November 18, 2009, Dr. Fino found no evidence of occupational pneumoconiosis, and opined that the cause of death was lung cancer. At the Occupational Pneumoconiosis Board hearing on February 16, 2011, the Occupational Pneumoconiosis Board found that occupational pneumoconiosis was not a contributing factor in Mr. Frye's death.

The Office of Judges found that occupational pneumoconiosis was not a material contributing factor in the Mr. Frye's death. In its decision, the Office of Judges noted that the Occupational Pneumoconiosis Board concluded that occupational pneumoconiosis was not a material contributing factor in the Mr. Frye's death. Further, the Office of Judges noted that the autopsy showed squamous cell carcinoma, typically caused by cigarette smoking, and no evidence that Mr. Frye had occupational pneumoconiosis. The Board of Review agreed with the findings and conclusions of the Office of Judges in its Order of November 7, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   September 10, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum